# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| RAY A. ROBBINS, | |
| | No. 16-1385V |
| | Special Master Christian J. Moran |
| Petitioner, | |
| v. | Filed: June 15, 2021 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Entitlement; dismissal. |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * *

Otwell S. Rankin, D. Dahlenburg Bonar P.S.C., Covington, KY, for petitioner;
Colleen C. Hartley, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Ray Robbins alleged that the influenza ("flu") vaccine he received on October 25, 2013, caused him to chronic inflammatory demyelinating polyneuropathy ("CIDP"). Pet., filed Oct. 24, 2016, at Preamble. On May 26, 2021, Mr. Robbins moved for a decision dismissing his petition.

### I. Procedural History

Ray Robbins ("petitioner") filed a petition on October 24, 2016. Along with his petition, he filed relevant medical records, which were complete on October 4, 2017. See Resp't's Status Rep., filed Oct. 4, 2017. The Secretary then filed his

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Rule 4(c) report on December 4, 2017.  In the report, the Secretary challenged diagnosis and causation.  Resp't's Rep. at 17-19.

The parties then filed expert reports.  Petitioner filed an expert report and supplemental expert report from Dr. Shoenfeld on August 15, 2018, and August 26, 2019, respectively.  Petitioner filed an expert report and supplemental expert report from Dr. Steinman on August 16, 2018, and August 26, 2019, respectively.  Respondent filed responsive expert reports from Dr. Chaudhry and Dr. Forsthuber on March 8, 2019.  Respondent filed an additional report from Dr. Chaudhry on December 15, 2020.  On January 19, 2021, petitioner filed a status report stating that he did not wish to submit an additional expert report.  Thus, the expert report stage concluded.

On February 3, 2021, the undersigned issued and order for submissions in advance of potential adjudication, along with a tentative finding regarding entitlement.  In this tentative finding, the undersigned found that, based on the evidence submitted at that time, petitioner had not met his burden to establish the diagnostic criteria for CIDP, a theory of causation, or timing.  Tentative Finding Denying Entitlement, filed Feb. 3, 2021, at 2-4.  This was due to greater persuasiveness with respect to diagnosis presented by Dr. Chaudhry, a lack of persuasiveness with respect to a molecular mimicry theory of causation, and discrepancies regarding the first report of weakness indicating onset.

A status conference was then held on February 23, 2021, in which petitioner's counsel stated that he wished to consult with petitioner and petitioner's experts before deciding whether to move to dismiss the case or proceed to the briefing stage.  On May 26, 2021, petitioner filed a motion for a decision dismissing his petition.  Respondent did not file a response to this motion.  Thus, this motion is ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be

supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioner filed medical records and expert reports in support of his claim, but wishes to have his claim dismissed and judgment entered against him. Though petitioner filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment issue in this case, protecting his right to file a civil action in the future. See Pet'r's Mot., filed May 26, 2021, ¶¶ 3, 5.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, as addressed in the tentative finding denying entitlement issued on February 3, 2021, based on the medical records and expert reports submitted, petitioner has not met his burden to prove a diagnosis of CIDP, theory, or timing. As detailed in this tentative finding, respondent's experts provided significantly more persuasive opinions regarding these aspects of the case. Dr. Chaudhry provided a detailed explanation of why petitioner did not suffer from CIDP, making persuasive points to which Dr. Steinman did not respond. When a petitioner fails to establish diagnosis, there is no need for an analysis pursuant to Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005). Lombardi v. Sec'y of Health & Human Servs., 656 F.3d 1343, 1353 (Fed. Cir. 2011). However, even if petitioner were to establish diagnosis, he has failed to establish Althen prongs 1 or 3. As stated in the tentative finding, Dr. Steinman's reliance on Blast searches does not persuasively advance the theory of molecular mimicry, and Dr. Forsthuber further pointed out holes in his opinion with regard to prong 1. Additionally, the relevant onset date, or date petitioner first reported weakness, is flimsy and complicated by pre-vaccination reports of weakness. Thus, petitioner has not persuasively shown why November 11, 2013 is the onset date and is therefore unlikely to establish prong 3. If petitioner is unlikely to establish prong 1 or prong 3, it follows that petitioner cannot establish prong 2. See Caves v. Sec'y of Health & Human Servs., 100 Fed. Cl. 199, 145 (2011), aff'd without op., 463 Fed. App'x 932 (Fed. Cir. 2012).

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master