# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| RAY A. ROBBINS, * | |
| * | No. 16-1385V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | Filed: December 27, 2023 |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |

* * * * * * * * * * * * * * * * * * * * *

Otwell S. Rankin, B. Dahlenburg Bonar P.S.C., Covington, KY, for Petitioner;
Colleen C. Hartley, United States Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 8, 2022, petitioner Ray Robbins moved for final attorneys' fees and costs. He is awarded $65,413.93.

\* \* \*

On October 24, 2016, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccination he received on October 25, 2013,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

caused him to suffer chronic inflammatory demyelinating polyneuropathy. Petition at 1. Following respondent contesting entitlement, the parties retained medical experts, with petitioner retaining Dr. Yehuda Shoenfeld and Dr. Lawrence Steinman. Respondent retained Dr. Chaudhry and Dr. Forsthuber. On February 3, 2021, the undersigned issued a tentative finding regarding entitlement that, based on the evidence submitted at that time, petitioner had not met his burden to establish the diagnostic criteria for CIDP, a theory of causation, or timing. On May 26, 2021, petitioner filed an unopposed motion for a decision dismissing his petition and on June 15, 2021, the undersigned issued his decision denying compensation. 2021 WL 2910535.

On December 8, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App.").[2] Petitioner requests attorneys' fees of $37,404.20 and attorneys' costs of $36,304.94 for a total request of $51,714.16. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Fees App. Ex. 5.

On January 10, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Respondent did not respond to petitioner's amended motion and petitioner did not file a reply thereafter.

\*     \*     \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that the claim has good faith and reasonable basis. Respondent's position greatly contributes to the finding of reasonable basis.  See

---

[2] Petitioner had previously filed his motion for attorneys' fees and costs on January 10, 2022. Due to a discrepancy between the requested rates for counsel and what counsel has previously been awarded, the undersigned ordered petitioner to file an amended motion. Order, dated September 12, 2022.

2

Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A.  Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work during this period was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Otwell Rankin, $250.00 per hour for work performed in 2016, $281.00 per hour for work performed in 2017, $291.00 per hour for work performed in 2018, $297.00 per hour for work performed in 2019, $337.00 per hour for work performed in 2020, $355.00 per hour for work performed in 2021, and $366.00 per hour for work performed in 2022; and for Ms. Barbara Bonar, $385.00 per hour for work performed in 2016, $410.00 per hour for work performed in 2018, and

3

$455.00 per hour for work performed in 2021. Fees App. at 14. These rates are consistent with what counsel has previously been awarded for his Vaccine Program work and they shall be awarded herein. See Bechel v. Sec'y of Health & Human Servs., No. 16-887V, 2022 WL 3969922 (Fed. Cl. Spec. Mstr. Aug. 1, 2022); Johnson v. Sec'y of Health & Human Servs., No. 16-1449V, 2021 WL 4737466 (Fed. Cl. Spec. Mstr. Aug. 13, 2021).

    B.    <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be largely reasonable. However, there are two issues which necessitate a small reduction. First Mr. Rankin has billed at attorney hourly rates tasks that would be classified as paralegal in nature, such as requesting medical records. Second, Mr. Rankin's billing entries concerning communication (to petitioner, experts, and opposing counsel) are vague because they do not disclose the subject matter of the communication. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). In the instant case, the majority of billing entries concerning communication do not contain any indication of the topic of that communication, making it difficult for the undersigned to determine whether such communication was necessary and reasonable.

Based upon the undersigned's overall perception of the time billed after review, a reduction of five percent is appropriate in order to achieve "rough justice." See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). Petitioner is therefore awarded final attorneys' fees of $35,533.99.

4

C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $36,304.94 in costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, photocopies, and work performed by petitioner's medical experts, Dr. Yehuda Shoenfeld and Dr. Lawrence Steinman. Fees App. Ex. 3 at 31-32.

Petitioner's primary expert was Dr. Steinman.  For the work of Dr. Steinman, petitioner requests $15,625.00, comprised of 31.25 hours billed at $500.00 per hour. Dr. Steinman's hours are generally reasonable for reviewing the medical records in this case and producing two reports.  His proposed hourly rate is consistent with what he has previously been awarded. See Abbott v. Sec'y of Health & Human Servs., No., 2022 WL 3134242 (Fed. Cl. Spec. Mstr. Jul. 15, 2022).

However, a reasonable hourly rate for an expert depends, in part, on "the nature, quality, and complexity of the information provided." Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 206 (2009).  In this case, Dr. Steinman's performance was not of sufficient quality to warrant compensation at $500 per hour.  As discussed in the February 3, 2021 Tentative Finding Denying Entitlement, Dr. Steinman did not adequately explain why petitioner suffered from CIDP and, to the extent that CIDP was an appropriate diagnosis, Dr. Steinman did not adequately demonstrate that petitioner's CIDP began after (as opposed to before) vaccination.  The deficiencies in Dr. Steinman's opinion were so great that it appeared that the case might have lost reasonable basis if petitioner had pressed forward.  Under these circumstances, compensating Dr. Steinman at his customary rate would inappropriately incentive the submission of poor reports in the future. . . Frantz v. Sec'y of Health & Hum. Servs., 146 Fed. Cl. 137, 146 (2019).  Thus, for this case, a reasonable hourly rate for Dr. Steinman's work is reduced to $400 per hour.  A reasonable amount of compensation for Dr. Steinman's work is $12,500.

For the work of Dr. Shoenfeld, petitioner requests $16,550.00, representing 33 hours billed at $500.00 per hour plus a wire charge to transfer payment for the production of two expert reports. Fees App. Ex. 1 at 14. These hours appear reasonable and Dr. Shoenfeld's rate is consistent with what he has previously been awarded.

The main question about Dr. Shoenfeld's value is whether Dr. Shoenfeld advanced petitioner's case beyond the opinions of Dr. Steinman. On immunologic topics, Dr. Shoenfeld roughly trods the same ground as Dr. Steinman. On neurologic topics, the topic of concern about Dr. Steinman's work, Dr. Shoenfeld does not have the qualifications to reinforce Dr. Steinman's weak opinions. Under these circumstances, Dr. Shoenfeld's work is reduced by the same proportion as Dr. Steinman's work. A reasonable amount of compensation for Dr. Shoenfeld is $13,250.

The remainder of the costs are reasonable and have been supported by the necessary documentation. Petitioner is therefore awarded final attorneys' costs of $29,879.94.

### D.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$65,413.93** (representing $35,533.99 in attorneys' fees and $29,879.94 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and his attorney, Mr. Otwell Rankin.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.